UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-936 CAS |
| ) | |
| K C MASTERPIECE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on counsel for defendant's motion for the imposition of a withdrawal notice period. For the following reasons, the Court will grant defense counsel's motion.

**I. Background**

Plaintiff filed this action pro se against defendant Lenexa Restaurant Group, which operates as K. C. Masterpiece Barbeque and Grill ("Lenexa"), for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C. § 1981, and negligent and intentional infliction of emotional distress under Missouri law. In an order dated January 26, 2005, the Court granted defendant's motion to dismiss plaintiff's claims of pattern and practice discrimination and disparate treatment regarding individual and class employment and promotional opportunities. In that same order, the Court also dismissed plaintiff's claims of negligent and intentional infliction of emotional distress.

On November 14, 2005, counsel for defendant filed a motion to withdraw. The Court denied that motion without prejudice on November 22, 2005. Defense counsel filed the instant motion on March 15, 2006, asserting that its client has failed to pay attorney's fees since December 2004. In the affidavit in support of Lenexa's motion, attorney Jason Branciforte asserts that he agreed to

represent Lenexa in this matter for an hourly rate and any legal costs. Further, Branciforte asserts that Lenexa's failure to pay has caused undue hardship for him and his law firm. Defense counsel has also attached correspondence previously sent to Lenexa regarding the non-payment of attorney's fees and costs. Defense counsel asserts that he has attempted to find substitute counsel for Lenexa without success.

**II. Discussion**

Generally, this Court will not allow counsel to withdraw unless substitute counsel enters an appearance for the client. This general rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). This Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended by that Court. E.D.Mo. L.R. 12.02. According to the Rules of Professional Conduct adopted by the State of Missouri, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Rules of Professional Conduct 4-1.16(b). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

In this action, the Court finds that Lenexa has not paid its attorney's fees, in violation of its fee agreement with counsel. Before seeking leave to withdraw and since that time, defense counsel has repeatedly asked to be paid and informed Lenexa that he would seek leave to withdraw. This case is set for trial on June 19, 2006. According to defense counsel's affidavit, defendant believes

2

there are genuine issues of material fact that require this action to proceed to trial. There is no reason to believe that Lenexa will obtain substitute counsel or pay its attorney's fees if the Court denies defense counsel's motion to withdraw. Defense counsel has already incurred substantial expenses and there would be additional expenses incurred at trial.

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.

Rivera-Domenech v. Calvesbert Law Offices PSC, 402 F.3d 246, 249 (1st Cir. 2005) (citing Lieberman v. Polytop Corp., 2 F. App'x. 37, 39-40 (1st Cir. 2001) (unpublished) (per curiam)). "Litigants have no right to free legal aid" and corporations do not have the benefit of proceeding in forma pauperis. Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002) (citing Rowland, 506 U.S. at 196) (only a natural person may qualify for treatment in forma paupers under 28 U.S.C. § 1915)). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will grant defense counsel's motion for imposition of withdrawal notice period and order Lenexa to find substitute counsel no later than May 8, 2006. If Lenexa fails to obtain substitute counsel within that time, Lenexa may be subject to a default judgment in favor of plaintiff. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of

twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's request to withdraw from representation of defendant will be granted when substitute counsel enters an appearance or on May 8, 2006, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel's motion for the imposition of a withdrawal notice period is **GRANTED**. [Doc. 43]

**IT IS FURTHER ORDERED** that defendant Lenexa Restaurant Group d/b/a K. C. Masterpiece Barbeque and Grill shall obtain substitute counsel no later than May 8, 2006.

**IT IS FURTHER ORDERED** that defendant's substitute counsel shall file an entry of appearance and, if necessary, a motion for admission pro hac vice no later than May 8, 2006.

**IT IS FURTHER ORDERED** that defense counsel shall provide a certified copy of this order to the registered agent for Lenexa Restaurant Group and file a certification with the Court that this has been done within ten days of the date of this order.

**IT IS FURTHER ORDERED** that on May 8, 2006, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the request of attorneys Jason Branciforte and Erik Johnson and the law firm of Littler Mendelson, P.C., to withdraw from their representation of defendant.

**No extensions of time will be granted with respect to this order.**

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this <u>6th</u> day of April, 2006.