UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:04-CV-936 CAS |
| v. | ) |
| | ) |
| K.C. MASTERPIECE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PLEADINGS

### I. Introduction

Courts have broad inherent authority to "penalize a party's failure to comply with the rules of conduct governing the litigation process." See International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 833 (1994). Here, the Defendant has failed to obey one of the ultimate rules of conduct that governs litigation: a direct court order. Striking the Defendant's Answer and Affirmative Defenses is an appropriate remedy for Defendant's willful violation of this Court's order to obtain substitute counsel.

### II. Background

On or about December 30, 2002, Plaintiff Darrell Woods ("Woods") was hired by Defendant Lenexa Restaurant Group, LLC (d/b/a K.C. Masterpiece Barbeque & Grill) ("K.C. Masterpiece" or "Defendant") as a dishwasher. While employed by K.C. Masterpiece, Woods was paid at the rate of eight (8) dollars per hour. In April of 2003, K.C. Masterpiece hired a Caucasian employee as a dishwasher. This new Caucasian employee was given better pay, additional hours, and a preferable work schedule. Woods filed a charge with the Equal Employment Opportunity Commission on November 11, 2003. After a Notice of Right to Sue

2380553.01

was issued by the EEOC on April 22, 2004, Plaintiff subsequently filed this lawsuit in federal court alleging that the K.C. Masterpiece engaged in racial discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. Woods' Complaint also contained Missouri common law claims of negligent infliction of emotional distress and intentional infliction of emotional distress.[1]

On or about November 15, 2005, counsel for Defendant filed a sealed motion to withdraw as counsel for K.C. Masterpiece. This Court denied the motion of Defendant's counsel reasoning that the law does not permit a corporation to appear pro se. See Order Denying Motion to Withdraw as Counsel for Defendant K.C. Masterpiece, dated Nov. 22, 2005. Counsel for the Defendant was required to ensure that substitute counsel enter an appearance in this matter before filing another motion to withdraw. Id.

On March 15, 2006, counsel for Defendant filed a Motion for the Imposition of a Withdrawal Notice period under seal. See Order Granting Defendant's Motion to File Imposition of Withdrawal Period Under Seal, dated March 15, 2006. In response to the motion from Defendant's counsel, this Court ordered K.C. Masterpiece to obtain substitute counsel no later than May 8, 2006. See Order Granting Motion for the Imposition of Withdrawal Period, dated April 6, 2006.

To date, K.C. Masterpiece has not obtained substitute counsel in this matter. Indeed, it appears that K.C. Masterpiece has no intention of obeying this Court's order. See Letter from K.C. Masterpiece to Judge Shaw, filed May 8, 2006, attached as Exhibit A to Plaintiff's Motion to Strike Defendant's Pleadings.

---

[1] This Court granted the Defendant's Motion for Partial Dismissal of Plaintiff's Complaint. See Order Granting Partial Dismissal of Plaintiff's Complaint, dated Jan. 26, 2006. At this time, Woods remaining claims are for racial discrimination under Title VII and § 1981 based on unequal pay and discrimination in work schedules.

2380553.01

2

### III. Legal Argument

It is clear that courts have inherent authority to ensure that their orders are obeyed by all parties. See Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999) (upholding district court's order to strike defendant's pleadings). Moreover, courts are granted considerable discretion in enforcing their orders. See Bagwell, 512 U.S. 821 at 833 (finding striking pleadings, assessing costs, excluding evidence and entering default judgment as within court's authority to penalize parties who fail to comply).

Clearly, K.C. Masterpiece has willfully violated this Court's Order of April 4, 2006. In fact, the Order clearly states that K.C. Masterpiece may be subject to a default judgment in favor of the Plaintiff for failure to abide by its express order. See Order Granting Counsel for the Defendant's Motion for Imposition of Withdrawal Period, dated Apr. 4, 2006. Moreover, it is also clear that K.C. Masterpiece is aware of its obligations pursuant to Court order. See Letter from K.C. Masterpiece to Judge Shaw, filed May 8, 2006. The Defendant's failure to obey this Court's order has resulted in unfair delay and prejudice to Plaintiff's right to pursue his legal claims. Therefore, this Court is well within its authority to strike the Defendant's Answer and Affirmative Defenses.

### IV. Conclusion

The record clearly demonstrates that Defendant K.C. Masterpiece has violated a clear and direct Order from this Court. As such, and for all the foregoing reasons, Plaintiff's Motion to Strike the Defendant's Pleadings should be granted in its entirety.

HUSCH & EPPENBERGER, LLC

By: /s/ Tamara M. Spicer
Tamara M. Spicer, E.D.Mo. #122214
e-mail: tamara.spicer@husch.com
Kalin M. Walker, E.D.Mo. #516019
e-mail: kalin.walker@husch.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Office: (314) 480-1500
Fax: (314) 480-1505

*Attorneys for Plaintiff Darrell Woods*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14 2006, a true and accurate copy of the foregoing Memorandum in Support of Plaintiff's Motion to Strike Defendant's Pleadings was served by filing with the Court's electronic filing system and by depositing same with the U.S. Postal Service (both certified and regular mail), first class, postage prepaid, addressed as follows:

Laura Gregory
Lenexa Restaurant Group, LLC
PO Box 7023
Shawnee Mission, KS 62207

/s/ Tamara M. Spicer