UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL WOODS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:04-CV-936 CAS |
| K C MASTERPIECE, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike defendant's pleadings. For the following reasons, the Court will grant plaintiff's motion to strike.

**I. Background**

Plaintiff filed this action pro se against defendant Lenexa Restaurant Group, which operates as K. C. Masterpiece Barbeque and Grill ("Lenexa"), for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C. § 1981, and negligent and intentional infliction of emotional distress under Missouri law. In an order dated January 26, 2005, the Court granted defendant's motion to dismiss plaintiff's claims of pattern and practice discrimination and disparate treatment regarding individual and class employment and promotional opportunities. In that same order, the Court also dismissed plaintiff's claims of negligent and intentional infliction of emotional distress.

On November 14, 2005, counsel for defendant filed a motion to withdraw. The Court denied that motion without prejudice on November 22, 2005. On April 6, 2006, the Court ordered defendant Lenexa to obtain substitute counsel no later than May 8, 2006. Defendant sent a letter to the Court stating that it was unable to find substitute counsel because the company has no assets.

The Court granted defense counsel's motion to withdraw on May 15, 2006 and appointed counsel for plaintiff. In response to the Court's Order of May 15, 2006, plaintiff's appointed counsel filed, inter alia, a motion to strike defendant's pleadings.

**II. Discussion**

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2005). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Based on the foregoing, the Court will strike defendant's answer. Defendant has failed to comply with the Court's order of April 6, 2006. Defendant's letter to the Court dated May 4, 2006, asserts that the defendant does not have any funds to hire substitute counsel, therefore, it is apparent that defendant will not comply with the Court's order in the future. Therefore, the Court will strike defendant's answer.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike defendant's answer is **GRANTED**. [Doc. 51]

**IT IS FURTHER ORDERED** that the answer of defendant Lenexa Restaurant Group d/b/a K. C. Masterpiece Barbeque and Grill is **STRICKEN** from the record. [Doc. 7]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of June, 2006.