UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-936 CAS |
| ) | |
| K C MASTERPIECE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment and damages, filed through appointed counsel. The Court held an evidentiary hearing on plaintiff's motion for default judgment and damages on August 22, 2006. At the hearing, plaintiff testified and presented evidence regarding his damages. The Court will grant plaintiff's motion for default judgment and award plaintiff damages for back pay in the amount of $3,776.77, together with pre-and post-judgment interest. The Court will deny plaintiff's request for compensatory and punitive damages.

**Background**.

Plaintiff filed this action pro se against defendant Lenexa Restaurant Group d/b/a K.C. Masterpiece Barbeque and Grill ("Lenexa"), alleging racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981, and negligent and intentional infliction of emotional distress. Lenexa filed an answer to plaintiff's complaint and a motion to dismiss. In January 2005, the Court granted Lenexa's motion to dismiss and dismissed plaintiff's claims of pattern and practice discrimination under Title VII, individual and class discrimination regarding limitation of employment opportunities not alleged in his charge of discrimination filed with the Equal

Employment Opportunity Commission, and the emotional distress claims. Plaintiff's remaining claim is for unequal pay due to racial discrimination.

On November 14, 2005, counsel for Lenexa filed a motion to withdraw. The Court denied the motion without prejudice on November 22, 2005. See Doc. 37. After the motion was renewed, the Court on April 6, 2006 ordered Lenexa to obtain substitute counsel no later than May 8, 2006. See Doc. 45. The defendant subsequently sent a letter to the Court stating that it was unable to retain substitute counsel. See Doc. 47. As a result, the Court granted Lenexa's counsel's motion to withdraw, and also appointed counsel for plaintiff, by Order dated May 15, 2006. See Doc. 48. In response to the Order of May 15, 2006, plaintiff's appointed counsel filed a motion to strike defendant's pleadings, a motion for entry of default and a motion for default judgment.

The Court granted plaintiff's motion to strike the defendant's pleadings on June 30, 2006. See Doc. 56. The Clerk of Court subsequently entered the default of Defendant Lenexa pursuant to Federal Rule of Procedure 55(a). See Doc. 57.

**Default Judgment Standard**.

The entry of a default judgment should be a "rare judicial act." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993). Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of his claim. 10 Moore's Federal Practice § 55.20[2][b] (3d ed. 2006); Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980).

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds

the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

**Discussion**.

**A. Default Judgment**

As stated above, Lenexa's answer was stricken by Memorandum and Order of June 30, 2006, because Lenexa failed to comply with the Court's order directing it to obtain counsel. Accordingly, the Court must review the sufficiency of plaintiff's complaint for racial discrimination in pay pursuant to Title VII and § 1981. "The elements of a Title VII disparate treatment claim and a § 1981 claim are identical." Kim v. Nash Finch Co., 123 F.3d 1046, 1056 (8th Cir. 1997). A prima facie case of intentional racial discrimination is made by showing that membership in a protected group, qualification for the job in question, an adverse employment action, and circumstances that support an inference of discrimination. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).

The well-pleaded allegations of plaintiff's complaint establish the following: (1) plaintiff is an African-American who was employed by Lenexa, (2) plaintiff satisfactorily performed his job as a dishwasher, (3) Lenexa hired a white employee as a dishwasher who was paid a dollar more an hour than plaintiff, given a better schedule and more work hours than plaintiff, and (4) the white employee had less experience. (Compl. ¶¶ 3, 13-17). The Court finds that plaintiff has sufficiently alleged a

claim of racial discrimination pursuant to Title VII and §1981. Lenexa has failed to answer or otherwise plead. Therefore, the Court will grant plaintiff's motion for default judgment.

**B. Back Pay**

Plaintiff seeks damages in the amount of $4,075.32 for back pay. At the hearing, plaintiff testified in support of his claim as follows. Plaintiff worked as a dishwasher at Lenexa from December 30, 2002 to May 26, 2003. At the time plaintiff was hired, he requested to work during the morning (a.m.) shift. Plaintiff was told that there were no a.m. shifts available, but that he could work the a.m. shift when an a.m. shift position became available. Plaintiff worked the p.m. shift throughout his employment with Lenexa. Plaintiff also told Lenexa that he wanted to work full-time, but he only averaged 23.5 hours of work per week. Lenexa paid plaintiff $8.00 per hour. In April 2003, Lenexa hired a white male as a dishwasher. The white male was paid $9.00 per hour, worked full-time, and worked the a.m. shift. The white male employee had less experience than plaintiff and less seniority.

Plaintiff introduced Exhibits 1 and 2 into evidence. Exhibit 1 is a personnel payroll statement. Exhibit 2 consists of earnings statements given to plaintiff during his employment. Plaintiff's request for back pay is for the period from December 30, 2002 to May 26, 2003. Plaintiff requests back pay in the amount of $4,075.32. The Court has calculated the difference between the amount plaintiff earned in gross pay and the amount he would have earned if he had been paid $9.00 per hour for twenty-two weeks and permitted to work forty hours per week, which results in a total of $3,776.77.[1]

---

[1] Plaintiff earned $4,143.23 during his employment with Lenexa. An employee making $9.00 per hour working 40 hours per week for 22 weeks would earn $7,920.00. The difference between plaintiff's actual pay and the pay of the comparable employee is $3,776.77. All amounts are based on gross pay.

4

The Court finds that plaintiff has proved his damages regarding back pay to a reasonable degree of certainty. Therefore, the Court will award plaintiff back pay in the amount of $3,776.77.

**C. Punitive Damages**

Plaintiff seeks punitive damages in the amount of $1,000,000 dollars. In order to obtain an award of punitive damages under either Title VII or § 1981, a plaintiff must show that the employer acted with malice or reckless indifference to his federally protected rights. See Blackmon v. Pinkerton Sec. & Investigative Servs., 182 F.3d 629, 635 (8th Cir. 1999). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999).

Plaintiff did not present any evidence at the hearing sufficient to support his claim that Lenexa acted with malice or reckless indifference to his federally protected rights. As a result, the Court will not award plaintiff punitive damages.

**D. Compensatory Damages**

Plaintiff seeks compensatory damages for emotional distress. Plaintiff testified at the hearing that his experiences with Lenexa affected his ability to trust people and to work with Caucasians, because he feels they are all racist. Plaintiff also testified that he felt as though he could not get a job because of what happened with Lenexa, and that he "didn't feel like a person" because of the way Lenexa treated him during his employment.

"An award of damages for emotional distress must be supported by competent evidence of 'genuine injury.'" Forshee v. Waterloo Indus., Inc., 178 F.3d 527, 531 (8th Cir. 1999) (citing Carey v. Piphus, 435 U.S. 247, 264 n. 20 (1978)). A "plaintiff's own testimony, along with the

5

circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard." Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997). The Court, having heard plaintiff's testimony and had the opportunity to observe his demeanor, and being familiar with the circumstances of this case, concludes that plaintiff failed to submit sufficient evidence to support his claim for compensatory damages.

**E. Pre-Judgment Interest**

Plaintiff requested prejudgment interest in his complaint. An "award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court." Cargill, Inc. v. Taylor Towing Service, Inc., 642 F.2d 239, 241 (8th Cir. 1981). The Court is mindful that prejudgment interest "is to be awarded whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal." Id. at 242. A primary purpose of prejudgment interest is to make an injured party whole, but compensatory principles must be balanced by an assessment of the equities. Id. "Prejudgment interest serves at least two purposes: (1) it helps compensate plaintiffs for the true cost of money damages they have occurred, (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation." EEOC v. Rath Packing Co., 787 F.2d 318, 333 (8th Cir.), cert. denied sub nom Rath Packing Co. Creditors' Trust v. EEOC, 479 U.S. 910 (1986).

The Court believes that an award of prejudgment interest is appropriate in this action in order to make plaintiff whole, because the damages he incurred were lawfully due to him. Thus, withholding a prejudgment interest award would allow Lenexa to enjoy an interest-free loan in the amount of plaintiff's damages. The Court will award plaintiff prejudgment interest calculated using

the IRS prime interest rate,[2] and will direct plaintiff to submit calculations within fifteen days of the date of this memorandum and order, showing, for each year between 2003 and 2006, how much interest has accumulated when compounded annually.

**Conclusion**.

For the foregoing reasons, the Court will grant plaintiff's motion for default judgment, and award plaintiff back pay in the amount of $3,776.77, together with prejudgment interest in an amount to be determined, and post-judgment interest as allowed by law. Plaintiff's request for punitive damages and compensatory damages will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **GRANTED**. [Doc. 53]

**IT IS FURTHER ORDERED** that plaintiff is awarded damages for back pay against Lenexa Restaurant Group d/b/a K.C. Masterpiece Barbeque and Grill in the amount of Three Thousand Seven Hundred Seventy-Six Dollars and Seventy-Seven Cents ($3,776.77), together with prejudgment interest in an amount to be determined, and post-judgment interest as allowed by law.

**IT IS FURTHER ORDERED** that within fifteen (15) days of the date of this order, plaintiff shall submit calculations showing, for each year between 2003 and 2006, how much interest has accumulated on the back pay award under the IRS prime rate as set forth in 26 U.S.C. § 6621, compounded annually.

---

[2]The Eighth Circuit has noted that some courts have permitted prejudgment interest awards based on the Internal Revenue Service's prime interest rates, computed under 26 U.S.C. § 6621. See EEOC v. Rath Packing Co., 787 F.2d 318, 334 n.14 (8th Cir. 1986). The Court finds that the prejudgment interest should be compounded annually. See, e.g., Leidel v. Ameripride Servs., Inc., 276 F.Supp.2d 1138, 1147-48 (D. Kan. 2003).

An appropriate judgment will issue after plaintiff has submitted the required prejudgment interest calculations.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of October, 2006.